**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANJEEV BUDHA , | Case No.:  1:25-cv-01941 JLT HBK (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART |
| v. | |
| RON MURRAY, Mesa Verde ICE Processing Center Facility Administrator, et al., | (Docs. 1, 14) |
| Respondents. | |

Sanjeev Budha is an immigrant detainee in U.S. Immigration Customs and Enforcement custody at the Mesa Verde ICE Processing Center in Bakersfield, California, proceeding with counsel on their joint petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 2, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioners' motion for preliminary injunction in part.  (Doc. 14.)  The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within five days after service.  (*Id.*)  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 24, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*,

1

923 F.2d 1391, 1394 (9th Cir. 1991)).

On February 2, 2026, Respondents filed "objections" consisting of a single sentence that they" object to the findings and recommendations for the reasons set forth in their return" to the Petition.  (Doc. 15.)  On February 8, 2026, Petitioner filed one objection to the findings and recommendations, namely, that the most appropriate remedy in this case is immediate release as opposed to an individualized bond hearing because the cited violation of phone reporting was "almost certainly not the basis for Petitioner's arrest." (Doc. 16 (also requesting that if the court were to order a bond hearing, it should take place in front of "some other independent arbitration agency or private individual rather than at the immigration court.").

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on February 2, 2026 (Doc. 14) are **ADOPTED** in full;

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED in part** as follows:

   a. Respondents SHALL provide Petitioner with a substantive bond hearing pursuant to § 1226(a), at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if released.

   b. At such a hearing, the government SHALL bear the burden of establishing, by clear and convincing evidence, that the Petitioner poses a danger to the community or flight risk

3. If released, Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioners absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing

evidence that they are likely to flee or pose a danger to society if not arrested.[1]

4.      The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **February 10, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.